UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK A. BELNICK,

      Plaintiff,

  -v-

TWIN CITY FIRE INSURANCE COMPANY,
L. DENNIS KOZLOWSKI, MARK
H. SWARTZ, and FRANK E. WALSH, JR.,

      Defendants.

Case No. 04-CV-7998 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

  Plaintiff Mark A. Belnick filed the instant action in New York Supreme Court against Defendant Twin City. The action seeks: (1) a declaration of Twin City's obligation to pay all or some of Belnick's attorneys' fees and other expenses related to various civil and criminal actions brought against him in his capacity as an Executive Vice President and Chief Corporate Counsel of Tyco, Inc.; (2) compensatory and punitive damages for breach of an excess insurance policy and implied covenant of good faith and fear dealing; and (3) a permanent injunction barring Twin City from litigating the insurance coverage issue in any other forum (including in Bermuda).[1]

  Four days after the lawsuit began, Twin City removed it to this Court. Following removal, Belnick brought an Order to Show Cause seeking to remand pursuant to the abstention doctrine. His primary claim was that the Court should remand this action in light of *Fed. Ins. Co. v. Tyco et al*, Index. No. 6000507/03 (N.Y. Sup. Ct.) ("Rescission Action"), wherein Federal is

---

  [1]Twin City's policy is the first layer of excess coverage. The primary insurance policy is issued by Federal Insurance Company ("Federal").

seeking a declaration that the insurance policy issued by Federal ("Federal Policy") was rescinded and void *ab initio*, or, in the alternative, that certain exclusions bar some of the insured from coverage. *See Fed. Ins. Co. v. Tyco Int'l Ltd.*, No. 600507/03, 784 N.Y.S.2d 920 (table), 2004 WL 583829 (N.Y. Sup. Ct. Mar. 5, 2004).[2]

Following oral argument on his remand application in this Court, Belnick expressed an intention to dismiss his claims against Twin City without prejudice. Twin City, however, opposed such a dismissal, having already answered and filed a counterclaim for declaratory relief. Soon thereafter, the Court issued an order providing that Belnick submit a stipulation of dismissal, and setting a briefing schedule for Belnick's motion to stay Twin City's counterclaims based on abstention principles. Belnick subsequently submitted (but did not formally file) the

---

[2]Federal initially named Tyco and numerous other Tyco directors and officers as defendants, but Federal amended its complaint to name only L. Dennis Kozlowski, Mark H. Swartz, Frank E. Walsh, Jr., and Belnick as defendants. Belnick settled the action with Federal, with Federal ultimately agreeing to fund the cost of his defense.

The remaining defendants (Kozlowski, Swartz, and Walsh) counterclaimed, and Kozlowski brought a motion for partial summary judgment seeking a declaration that Federal was required to defend him, or pay his defense costs on an on-going basis, in certain of the civil and criminal actions, including a criminal action in New York State Supreme Court. *See* 2004 WL 583829, at *1-2. On March 5, 2004, Justice Helen Freedman of the New York Supreme Court granted Kozlowski's partial motion for summary judgment. *Id.* at *5-6. The decision was largely upheld on appeal. *See Federal Ins. Co. v. Tyco Int'l Ltd.*, 792 N.Y.S.2d 397 (N.Y. App. Div. 2005).

Subsequent to the appeal and the remand of the case to New York State Supreme Court, Kozlowski was convicted on twenty-two felony counts based on millions of dollars of fraud. He since has filed a motion for summary judgment in the Rescission Action seeking $17.8 million in defense costs as a result of the criminal action. (Letter from David Newmann to the Court 1, Nov. 10, 2005) Federal has opposed Kozlowski's motion and has filed its own summary judgment motion. (Letter from Newmann to the Court 1, Nov. 10, 2005) Belnick and Tyco have moved to intervene in the Rescission Action for the sole purpose of opposing Kozlowski's motion. (Letter from Nicholas J. Zoogman to the Court 2 n.1, Oct. 21, 2005) Apparently, Kozlowski has not responded to the motions made on behalf of Federal, Belnick, or Tyco. (Letter from Newmann to the Court 1, Nov. 10, 2005; Letter from Zoogman to the Court 2 n.1, Oct. 21, 2005). These motions are *sub judice*.

proposed stipulation, signed by counsel for Belnick, Walsh, and Swartz, but not Kozlowski and Twin City.

Prior to the commencement of briefing of Belnick's revised dismissal motion, Twin City removed *Federal Insurance Co. v. Tyco et al.,* Index No. 04/601416 (N.Y. Sup. Ct.) ("Interpleader Action"). This is a defensive interpleader action, brought pursuant to NY CPLR § 1006(b), wherein Federal "contends that, for reasons set forth in the First Amended Complaint in the Rescission Action, the Rescission Action Defendants are not entitled to the payment of any Defense Expenses or other Loss as defined by" the Federal Policy. (Interpleader Compl. ¶ 19) However, based on Justice Freedman's decision partially granting Kozlowski's summary judgment motion and litigation involving others insured under the Federal Policy, Federal expressed concern about being subject to multiple adverse claims that would exceed the limits of the Federal Policy. (Interpleader Compl. ¶ 21) To address this concern, Federal sought, among other things, permission to pay into court defense costs attributable to Tyco and the other Interpleader Defendants (Kozlowski, Swartz, Walsh, and Belnick), and an order requiring Tyco and the other Interpleader Defendants to interplead their respective adverse claims to any amounts so deposited. (Interpleader Compl. ¶ 22(c))

At the invitation of Justice Freedman, Kozlowski and Swartz subsequently filed a proposed Order to Show Cause, requesting Justice Freedman give them leave to implead Twin City in the Interpleader Action. Justice Freedman granted this request, which resulted in Kozlowski, Swartz, and Belnick bringing Third-Party Actions against Twin City ("Third Party Actions"). Belnick's Third-Party Complaint is virtually identical to the Complaint he filed in this action.

As a result of the removal of the Interpleader Action, the Court issued an order vacating the briefing schedule related to Belnick's motion to stay Twin City's counterclaim in this action. Thereafter, Belnick, Kozlowski, and Swartz filed a motion to remand the Interpleader Action. After that motion was fully-briefed and after the Court heard oral argument on the motion, the Court requested supplemental briefing to address the question of whether abstention in this action was affected by the potential remand of the Interpleader Action. The parties have submitted their responses to that order.

In an Opinion and Order filed today ("Remand Opinion"), the Court has granted the Motion to Remand the Interpleader Action, principally on the ground that there are sufficient doubts about the propriety of the removal and the Court's jurisdiction to overcome the presumption in favor of remand. However, the Court agrees with Twin City's suggestion that the "prudent action" is to "permit Twin City the opportunity to be heard in state court on a motion to dismiss [or sever] the claims against it based on its improper joinder as a third-party defendant to the [Interpleader Action] pursuant to CPLR § 1007." (Twin City Mem. 9-10, Aug. 24, 2005)

The case for abstention here may indeed be compelling, but only if the Third-Party Actions remain joined with the Interpleader Action. The Complaint in this case is a virtual carbon copy of the Third-Party Complaint in the Interpleader Action. Moreover, Justice Freedman is handling both the Interpleader Action and the related Rescission Action, thus making the state court litigation more comprehensive than the litigation in this Court. Put another way, if the Third-Party Actions survive in their current form, the type of piecemeal litigation that the Second Circuit has found to justify abstention in insurance coverage actions like the one before this Court might occur if the Court kept this action. *See Gen. Reinsurance*

*Corp. v. CIBA-GEIGY Corp.*, 853 F.2d 78, 81-82 (2d Cir. 1988) (holding that abstention in case brought by excess carriers appropriate where maintenance of parallel federal and state court actions involving primary and excess carriers would risk piecemeal litigation); *Congress Talcott Corp. v. Roslin*, No. 95 Civ. 7698, 1996 WL 499337, at *5 (S.D.N.Y. Sept. 4, 1996) (holding that abstention was appropriate since the default and the guarantee "must be considered as part of an inclusive controversy most appropriately decided in a single forum"); *see also L. Harbert, Inc. v. Aetna Cas. & Sur. Co.*, No. 96 Civ. 8924, 1997 WL 539778, at *3 (S.D.N.Y. Aug. 28, 1997) ("Because the issues in the two actions are identical, there exists the potential for inconsistent and contradictory determinations.").

However, the Court believes that deciding the question of abstention may be premature. As noted in the Remand Opinion, Justice Freedman preliminarily gave Belnick and the other Interpleader Defendants permission to file third-party complaints against Twin City. Thus, it could not be said with the necessary degree of certainty that no New York court would permit the joinder of the third-party claims against Twin City in the Interpleader Action. Nevertheless, Twin City has not yet formally challenged the actual joinder of the Third-Party Actions (as opposed to the theoretical possibility of joinder that was initially presented to Justice Freedman by Belnick and the other Interpleader Defendants), something which Twin City should be entitled to do in state court. Indeed, it may be that upon further scrutiny, a court in New York might invalidate, through dismissal or severance, the joinder of the third-party claims against Twin City under § 1007. As Twin City persuasively argues, the Belnick Third-Party Action does not involve the funds of the Interpleader Action, namely, the $25 million in coverage provided by the Federal Policy, but only relates to the next layer of insurance coverage provided by Twin City.

5

Thus, while it may be that both the Interpleader and Third-Party Complaints involve coverage of the same insured, and that there may be some overlap in the coverage issues, Belnick's third-party complaint relates to a different policy (Twin City), raising potentially distinct claims regarding coverage, including certain endorsements adopted by Twin City subsequent to the Federal Policy being issued. Moreover, it does not appear that Twin City could be liable to Belnick for any part of Federal's claim in either the Rescission or the Interpleader Actions.

Under the circumstances, it seems likely that Twin City will expeditiously challenge the joinder, something that would not appear to be overly complex or time consuming. The outcome of that challenge is critical to deciding the instant abstention motion. If the challenge to the third-party joinder in state court is rejected, then this Court is far more likely to abstain. Conversely, if the challenge results in dismissal or severance of the Third-Party Actions, then this Court is far less likely to abstain – either because the severed action will likely be removed back to this Court, or because dismissal of the Third-Party Actions will eliminate the only true parallel action in state court.[3] Thus, holding the motion in abeyance seems to be the most judicious use of both the Court's and the parties' resources. *See Bass v. Butler*, No. C.A. 98-4112, 1999 WL 391483, at *2 (E.D. Pa. May 3, 1999) (noting that motion to dismiss had been held in abeyance pending resolution of plaintiff's appeal to state worker's compensation board). On the other hand, the Court does not see how Belnick or any of the other insured are prejudiced by the Court

---

[3] Also, if the Third-Party Actions are severed or dismissed, then Twin City's case for deference by this Court to an action Twin City has filed in Bermuda would be greatly augmented. *See Caspian Inv., Ltd. v. Vicom Holdings, Ltd.*, 770 F. Supp. 880, 884 (S.D.N.Y. 1991) (stating that federal courts should exercise similar deference to actions in foreign courts as is exercised with domestic state and federal courts); *Cont'l Time Corp. v. Swiss Credit Bank*, 543 F. Supp. 408, 410-11 (S.D.N.Y. 1982).

merely holding their remand motion in abeyance until Twin City is given a reasonable opportunity to challenge the joinder of the third-party claims. In addition to holding the motion in abeyance, the Court will put the action on the suspense calendar, thus relieving the parties from the burdens of discovery and the risk of inconsistent rulings regarding the merits of the coverage dispute between Twin City and the insured. *Cf. Arrow Concrete Co. v. Ohio Farmers Ins. Co.*, 981 F. Supp. 443, 445 (S.D. W.Va. 1997) (staying federal action pending outcome of related state court litigation and requiring status reports to federal court); *Canaday v. Koch*, 608 F. Supp. 1460, 1475 (S.D.N.Y. 1985) (holding that placing federal case on suspense docket pending outcome of related state litigation should "greatly simplif[y]" deciding federal case and entail "no interference with the state system.").

Accordingly, the Court will hold the abstention motion in abeyance and move this case to the suspense calendar. Twin City is directed to provide the Court, every thirty days, with a written status report of the state court proceedings, or otherwise advise the Court promptly after any significant developments in state court. The Court will in any event hold a status conference on September 15, 2006 at 10:30 a.m.

SO ORDERED.

Dated:   March 21, 2006
         New York, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List:
Paul B. Sweeney, Esq.
David J. Hensler, Esq.
David Newmann, Esq.
Michael Steinberg, Esq.
Hogan & Hartson, L.L.P.
New York, New York and Washington, D.C.
*Counsel for Federal Insurance Company*

Nicholas J. Zoogman, Esq.
John P. Winsbro
Dickstein Shapiro Morin & Oshinsky LLP
New York, New York
*Counsel for Plaintiff Mark A. Belnick*

Jean M. Farrell, Esq.
Jeffrey E. Glen, Esq.
Anderson Kill & Olick, P.C.
New York, New York
*Counsel for Defendant L. Dennis Kozlowski*

Milton Thrum, Esq.
Stacy Steinberg, Esq.
Molod Spitz & DeSantis, P.C.
New York, New York
*Counsel for Defendant Mark H. Swartz*

Charles D. Donohue, Esq.
Jennifer A. Klear, Esq.
Douglas M. Mangel, Esq.
Brian A. Coleman, Esq.
Alison M. Jarandeh, Esq.
Drinker Biddle & Reath LLP
New York, New York and Washington, D.C.
*Counsel for Defendant Twin City Fire Insurance Company*